

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re:<br><br>LLOYD HIDETAKA MAKAIPO and CHONG NAN MAKAIPO,<br><br>Debtors. | Case No.: 22-00848<br>Chapter 13 |
| LLOYD HIDETAKA MAKAIPO and CHONG NAN MAKAIPO,<br><br>Plaintiff,<br><br>vs.<br><br>STERLING & TUCKER, LLP,<br><br>Defendant. | Adv. Pro. No.: 24-90001<br><br><br><br>Related: ECF 29 |

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

Defendant Sterling & Tucker, LLP, seeks summary judgment on all

claims in the complaint on the ground that the claims are time-barred. I will

deny the motion because there are genuine disputes of material fact concerning when the plaintiffs knew or should have known that they had claims against Sterling & Tucker.

**UNDISPUTED FACTS**

There is no genuine dispute as to the following material facts:

In 2004, Mr. and Mrs. Makaipo acquired certain property (the "Property") as tenants by the entireties.

By agreement dated April 11, 2011, Mr. and Mrs. Makaipo retained Sterling & Tucker to provide certain estate planning services. An attorney associated with Sterling & Tucker performed the work.

Based on Sterling & Tucker's advice, Mr. and Mrs. Makaipo executed the Lloyd H. and Chong N. Makaipo Living Trust, dated May 27, 2011 (the "Trust"), and transferred the Property into the Trust by Warranty Deed, dated May 27, 2011 (the "Deed").

Sterling & Tucker transmitted the original estate planning documents to Mr. and Mrs. Makaipo with a letter dated May 27, 2011 (the "Enclosure Letter"). Among other things, the letter says that, "As we discussed during

U.S. Bankruptcy Court - Hawaii    #24-90001    Dkt # 37    Filed  02/04/25    Page 2 of 10

your consultation, [the Trust] is not designed to provide for creditor protection." The Makaipos received the Enclosure Letter.

In 2012, the Hawaii legislature amended Haw. Rev. Stat. § 509-02 to provide that, if a married couple held property as tenants by the entireties and transferred the property to a trust, the property would continue to be immune from the claims of their separate creditors. However, properties that were held as tenants by the entireties and transferred to trusts prior to the amendment, such as the Property, were not given retroactive tenancy by the entireties protection. Couples who wished to obtain this protection needed to reconvey their properties to their trusts and state their intention to hold the properties as tenants by the entireties. This amendment took effect on July 1, 2012.

In January 2013, Sterling & Tucker mailed a newsletter (the "Newsletter") to all of the firm's past and present clients, including the Makaipos. The Newsletter accurately described the 2012 amendment to Haw. Rev. Stat. § 509-02, directed clients to contact Sterling & Tucker if they wished to "take advantage of this new law," and invited clients to attend a

3

Client Appreciation Seminar at which the amendments would be discussed. Mr. and Mrs. Makaipo cannot confirm that they received the Newsletter. They received various newsletters from Sterling & Tucker since 2011 but did not read any of them "for lack of interest and understanding legal issues."

Sterling & Tucker sent the Makaipos a letter dated February 27, 2013, which notified the Makaipos that Sterling & Tucker had completed the work for which the Makaipos had retained the firm, stated that the Makaipos would be responsible for "initiating periodic reviews and revisions" of their estate plan, and stated that the firm endeavored to keep them informed of changes in the law through newsletters and other means.

Beginning in 2019, several creditors sued the Makaipos for unpaid debts. In 2021, the Makaipos consulted with their current counsel about bankruptcy relief. He explained to them that, if they still held the Property as tenants by the entireties, their separate creditors could not enforce their claims against the Property, and they could successfully propose a chapter 13 plan that provided for no payments to their separate creditors. But because they had placed the Property in the Trust in 2011 and no longer

4

owned the Property as tenants by the entireties, the Property was available to their separate creditors, so any chapter 13 plan would have to provide full payment to those creditors.

## SUMMARY JUDGMENT STANDARD

"A grant of summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Frlekin v. Apple, Inc.*, 979 F.3d 639, 643 (9th Cir. 2020). "Facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Not every disagreement about the facts rises to the level of a genuine dispute. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion

5

for summary judgment." *Scott*, 550 U.S. at 380.

## STATUTE OF LIMITATIONS STANDARD

State law governs the Makaipos' claim. *Cusano v. Klein*, 264 F.3d 936, 947 (9th Cir. 2001). Haw. Rev. Stat. § 657-1(1) provides that "actions for the recovery of any debt founded upon any contract, obligation, or liability" must be "commenced within six years next after the cause of action accrued, and not after . . . ." This statute applies to legal malpractice claims, *Higa v. Mirikitani*, 55 Haw. 167, 173 (1973), including claims in the estate planning context. *Blair v. Ing*, 95 Haw. 247, 267 (2001).

Under Hawaii law, the discovery rule determines when a cause of action accrues. *Id.* at 267. The discovery rule acknowledges that an injured person may not immediately realize the fact or the cause of her injury. *Ranieri v. Kersenbrock*, No. CIV. 10-00295 JMS, 2011 WL 5520609, at *6–7 (D. Haw. Nov. 14, 2011) (stating that, "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause.").

U.S. Bankruptcy Court - Hawaii   #24-90001   Dkt # 37   Filed  02/04/25   Page 6 of 10

Under the discovery rule, a cause of action for legal malpractice accrues when "the [plaintiffs] knew or should have known of their legal malpractice claim." *Id.* More precisely, "under the discovery rule, the statute of limitations begins to run the moment the plaintiff discovers or should have discovered the negligent act, the damage, and the causal connection between the former and the latter." *Buck v. Miles*, 89 Haw. 244, 251 (1999) (cleaned up). "Stated another way, not only does the plaintiff have to discover the injury and the cause, but also that the cause violated the applicable duty of care, i.e., that the cause was negligent." *Vidinha v. Miyaki*, 112 Haw. 336, 341 (Ct. App. 2006), *aff'd*, 114 Haw. 262 (2007) (cleaned up).

The cause of action can accrue before the injured person knows all of the relevant facts, if a reasonably diligent investigation would have revealed the facts. "The question in any given case is not, what did the plaintiff know of the injury done him? [B]ut, what might he have known, by the use of the means of information within his reach, with the vigilance the law requires of him?" *Id.* at 341 (2006) (cleaned up).

What amounts to a "reasonable" investigation depends on the context:

U.S. Bankruptcy Court - Hawaii    #24-90001    Dkt # 37    Filed 02/04/25    Page 7 of 10

> While reasonable diligence is an objective test, it is sufficiently flexible . . . to take into account the difference[s] between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question. Under this test, a party's actions are evaluated to determine whether he exhibited those qualities of attention, knowledge, intelligence and judgment which society requires of its members for the protection of their own interest and the interest of others.

*Id*. Determining the accrual date is generally a question of fact for the jury. *Blair v. Ing*, 95 Haw. at 267.

## STATUTE OF LIMITATIONS ANALYSIS

Sterling & Tucker and the Makaipos present two different interpretations of the historical facts. Summary judgment in favor of Sterling & Tucker would be appropriate only if I concluded that no reasonable trier of fact could accept the Makaipos' version of events.

According to Sterling & Tucker, the firm told the Makaipos, both during their consultation and in the Enclosure Letter, that the trust was not designed to provide creditor protection. The firm also told the Makaipos, in the Newsletter, that the statutory change after they created the Trust made it possible to obtain creditor protection, and the firm invited the Makaipos to contact it for more information and assistance. Sterling & Tucker argues that

8

this was more than sufficient to alert a reasonable person in the Makaipos' position that the Property was not protected from their separate creditors, so the limitations period began to run in early 2013.

      The Makaipos contend (in essence) that Sterling & Tucker never explicitly told them that the tenancy by the entireties protected the Property from their separate creditors or that the transfer of the Property to the Trust would destroy that protection. The Makaipos believe Sterling & Tucker committed a negligent act that breached its duty to them when Sterling & Tucker drafted and recommended the Trust and the Deed without explaining to the Makaipos that the estate planning transactions would eliminate the tenancy by the entireties protection for the Property. These events all took place in 2011 and 2012, more than six years before the Makaipos filed suit. They say that they did not read the Newsletter or similar communications from Sterling & Tucker and that they would not have understood those communications if they had read them. They imply that their conduct was reasonable considering their circumstances and lack of sophistication.

Furthermore, the Makaipos state that they did not understand the implications of the tenancy by the entireties or the estate planning transactions until they consulted with their bankruptcy counsel in 2021, so their claims did not "accrue" under the discovery rule until then.

A reasonable trier of fact could accept the Makaipo's version of events. It is plausible that Sterling & Tucker did not explain tenancy by the entireties protection to the Makaipos, and the Makaipos might not have reasonably discovered that alleged injury until 2021, which falls inside the statute of limitations. Sterling & Tucker's version is also plausible. But because I conclude that a reasonable trier of fact could accept the Makaipo's version of events, I must deny the motion for summary judgment.

**END OF ORDER**

U.S. Bankruptcy Court - Hawaii   #24-90001   Dkt # 37   Filed  02/04/25   Page 10 of 10